UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| CHRISTOPHER MARK ADAMS, | § | |
| | § | |
| Petitioner, | § | |
| v. | § | CIVIL ACTION V-06-6 |
| | § | |
| DOUGLAS DRETKE, Director, Texas | § | |
| Department of Criminal Justice, | § | |
| Institutional Division, | § | |
| | § | |
| Respondent. | § | |

## ORDER

Pending before the Court is Christopher Adams' Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. Respondent has filed its Motion for Summary Judgment (Dkt. #18), arguing Adams' habeas petition should be dismissed because it is time-barred by the applicable statute of limitations. For the reasons provided below, the Court will DENY the respondent's motion for summary judgment.

## Procedural History

Adams was convicted of robbery and was sentenced by a jury to ninety-nine years imprisonment. *State v. Adams*, No. 00-11-18,517-D (377th District Court Victoria County, Texas March 2, 2001). Adams' conviction was affirmed by the Thirteenth Court of Appeals of Texas on July 11, 2002. *Adams v. State*, No. 13-01-301-CR (Tex. App.–Corpus Christi 2002, pet. ref'd). Adams' petition for discretionary review ("PDR") was refused on December 4, 2002. *Adams v. State*, PDR No. 1319-02. On January 16, 2003, Adams filed his first application for state writ of habeas corpus challenging his conviction. *Ex Parte Adams*, No. 55,215-01. The Texas Court of Criminal Appeals dismissed his application on May 7, 2003 because Adams' direct appeal remained pending. *Id.* On June 13, 2003, Adams filed his first federal writ petition in this court, which was

dismissed without prejudice on June 14, 2005 for failure to exhaust state remedies. *Adams v. Dretke*, No. V-03-63 (S.D. Tex.).  Adams then filed his second state habeas petition on July 26, 2005, which was denied without written order on December 21, 2005.  *Ex Parte Adams*, No. 55,215-02.  Adams' second federal petition, which is now pending before this court, was received on January 17, 2006. For purposes of determining timeliness, this petition will be considered filed on January 9, 2006, the date that Adams apparently mailed it from the prison where he was incarcerated.  *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998).

## Analysis

Prior to the Antiterrorism & Effective Death Penalty Act's ("AEDPA") enactment in 1996, "a prisoner faced no strict time constraints" on seeking federal habeas corpus relief. *Villegas v. Johnson*, 184 F.3d 467, 468 (5th Cir. 1999).  The "AEDPA establishe[d], for the first time, an explicit limitation period for state prisoners filing federal habeas petitions."  *Fisher v. Johnson*, 174 F.3d 710, 711 (5th Cir. 1999).  The AEDPA, which became effective April 24, 1996, "enacted a one-year period of limitation for federal habeas proceedings that runs, unless tolled, from the date on which the petitioner's conviction became final at the conclusion of direct review or during the pendency of a 'properly filed application for State post-conviction or other collateral review.'"  *Cantu-Tzin v. Johnson*, 162 F.3d 295, 298 (5th Cir. 1998) (quoting 28 U.S.C. § 2244(d)(1)(A), (d)(2)).  Respondent contends that Adams' action is barred by the one-year limitations period found in 28 U.S.C. § 2244(d).[1]

---

[1]  Section 2244(d) provides:

(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State  court.  The limitation period shall run from the latest of--

The AEDPA's statute of limitations applies to the instant habeas petition as it was filed after the Act's effective date.  *See Kiser v. Johnson*, 163 F.3d 326, 327 (5th Cir. 1999).  The Texas Court of Criminal Appeals refused Adams' PDR on December 4, 2002; thus, Adams' conviction became final for purposes of the AEDPA on March 4, 2003, the day his time had expired for filing a petition for *certiorari* with the United State Supreme Court.  *See* SUP. CT. R. 13.1 (petition for writ of *certiorari* is timely filed 90 days after entry of judgment); *Scott v. Johnson*, 227 F.3d 260, 262 (5th Cir. 2000) (holding that the limitations period begins to run from the expiration of the time to appeal when a petitioner fails to appeal).  Therefore, Adams had until March 4, 2004 to file his federal petition.

Adams' first state habeas application, filed on January 16, 2003, did not toll the limitations period because it was not "properly filed."  *Villegas v. Johnson*, 184 F.3d 467, 470

---

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

(5th Cir. 1999) (finding that for purposes of § 2244(d)(2) a "properly filed" application must "conform with a state's applicable procedural filing requirements").  Because Adams filed his state habeas petition while his direct appeal was still pending, the Texas Court of Criminal Appeals did not have jurisdiction to consider the merits of the petition, and that filing did not toll the limitations period.  *Larry v. Dretke*, 361 F.3d 890, 894 (5th Cir. 2004).  Further, Adams' first federal habeas petition, filed on June 13, 2003, did not toll the limitations period.  *Duncan v. Walker*, 121 S.Ct. 2120, 2129 (2001).  This first federal habeas application was filed timely, but at the time the Court dismissed Adams' petition without prejudice on June 14, 2005, Adams' time had expired under the AEDPA.  Adams then promptly refiled his second state habeas petition to exhaust state remedies, and when that petition was denied on December 21, 2005, he refiled the instant petition on January 9, 2006.  Because Adams did not file the instant petition until after the one-year limitations had expired on March 4, 2004, his petition is barred under § 2244(d) unless he is entitled to equitable tolling.

The court may afford a petitioner equitable tolling because the limitations period does not operate as a jurisdictional bar.  *Davis v. Johnson*, 158 F.3d 806, 810 (5th Cir. 1998).  However, equitable tolling is applied only in rare and exceptional circumstances.  *Turner v. Johnson*, 177 F.3d 390, 391–92 (5th Cir. 1999).  Equitable tolling is not upheld by excusable neglect.  *Ott v. Johnson*, 192 F.3d 510, 513–14 (5th Cir. 1999).  It is only applied where a petitioner has been actively misled by the opposing party or has been prevented in some extraordinary way from pursuing his remedies.  *Id.*  "Courts must consider the individual facts and circumstances of each case in determining whether equitable tolling is appropriate."  *Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (citing *United States v. Patterson*, 211 F.3d 927, 931 (5th Cir. 2000)).

4

Adams argues he is entitled to equitable tolling because this court led him to believe that he would be able to renew his federal habeas claims after his state remedies were exhausted when this court dismissed his first petition "without prejudice."  Adams is at least partly to blame for filing his state habeas petition while his direct appeal was still pending, and thus not receiving full tolling benefit.  His ignorance of the law does not provide an excuse for failing to comply with the federal habeas time limitation requirements.  *Id.*  Nonetheless, Adams has shown that he may have been misled by this court when it dismissed his claims "without prejudice" after the time limitations period had expired.  The Fifth Circuit has held that equitable tolling is appropriate where the petitioner labors under a mistaken impression from the courts. *Patterson*, 211 F.3d at 931–32.  Also, Adams has not "slept on his rights"; he has made an earnest effort to pursue relief in a timely manner. *Fisher v. Johnson*, 174 F.3d 710, 713 n.11 (5th Cir. 1999).  It appears that despite certain timing discrepancies on the part of petitioner and the court, Adams has consistently filed his petitions within a month of his prior petition being refused.  Consequently, this court concludes that Adams is entitled to equitable tolling and his petition shall not be dismissed as untimely.  *Alexander*, 294 F.3d at 629.

Therefore, the Respondent is **ORDERED** to file a motion for summary judgment or other appropriate dispositive motion addressing the merits of Adams' habeas petition within forty (40) days of the date of this Order.  Adams is **ORDERED** to file a response to the respondent's motion within thirty (30) days.  Adams' failure to file a response within thirty days may result in dismissal of this action for want of prosecution. Fed. R. Civ. P. 41(b).

**Conclusion**

The Court ORDERS the following:

1.      The Respondent's Motion for Summary Judgment (Dkt. #18) is **DENIED.**

2.      The Respondent shall file a dispositive motion within forty days of the date of this Order and the Petitioner shall file a response within thirty days of the date the Respondent files his motion.

Signed  on this 13th day of December, 2006.

JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE